Theodore K. Stream, State Bar #138160
Email: Ted.Stream@streamkim.com
Donna M. Brandt, State Bar # 312678
Email: Donna.Brandt@streamkim.com
Summer M. DeVore, State Bar # 323656
Email: Summer.DeVore@streamkim.com
**STREAM KIM HICKS WRAGE & ALFARO, PC**
3403 Tenth Street, Suite 700
Riverside, CA  92501
Telephone:  (951) 783-9470
Facsimile:  (951) 783-9475

Attorneys for Plaintiff,
LAMAR CENTRAL OUTDOOR, LLC,
a Delaware limited liability company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| LAMAR CENTRAL OUTDOOR, LLC, a Delaware limited liability company,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY OF PERRIS, a municipal corporation; and DOES 1 to 100, inclusive,<br><br>      Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

1
COMPLAINT

Firm-Templates -- 2974084.1

Plaintiff LAMAR CENTRAL OUTDOOR, LLC ("Lamar") brings this action against Defendant CITY OF PERRIS, a municipal corporation ("City"), and alleges as follows:

## I. INTRODUCTION

1. Lamar brings this suit to challenge the constitutionality of the City of Perris' recently adopted Ordinances 1460 and 1461 (the "Ordinances"), amending Chapters 5.54, 5.58, and 19.75 of the Perris Municipal Code to <u>prohibit City-licensed cannabis businesses from advertising on off-site signs</u>.

2. The First Amendment protects pure political, ideological, and educational speech. Content- and viewpoint- based restrictions on such speech are especially repugnant to the peoples' right to free speech. Indeed, "above all else, the First Amendment means that the government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Police Dep't v. Mosley*, 408 U.S. 92, 95 (1972). The Constitution thus "demands that content-based restrictions on speech be presumed invalid… and that the Government bear the burden of showing their constitutionality." *Ashcroft v. Am. Civil Libs. Union*, 535 U.S. 564, 573 (2002). <u>The First Amendment also protects non-misleading commercial speech promoting lawful products or services</u>.

3. The City's Ordinances impose a content- and speaker- based restriction on protected speech that is viewpoint discriminatory, serves no legitimate government interest (directly or indirectly), and is both facially overbroad and far more extensive than necessary to achieve any purported interest. It, thus, violates Lamar's free speech and commercial speech rights.

4. Finally, for many of the reasons that the Ordinances violate Lamar's right to engage in free speech, they also violate Lamar's rights to free speech under Article I, Section 2 of the California Constitution.

5. Because the Ordinances violate rights protected by the First Amendment, as well as the California Constitution, Lamar seeks equitable relief

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

2
COMPLAINT

Firm-Templates -- 2974084.1

declaring the Ordinances invalid and enjoining enforcement by the City, its employees, agents, successors in office, and all District Attorneys and City Attorneys as well as their successors in office.

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction of this civil action under 28 U.S.C. § 1331 because the action arises under the Constitution and the laws of the United States, thus raising federal questions. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 because this action seeks to redress the deprivation under color of the laws, statutes, ordinances, regulations, customs and usages of the State of California and political subdivisions thereof, of rights, privileged or immunities secured by the Unites States Constitution. Further, the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b)(2) as the unlawful practices complained of and that give rise to the claims herein occurred within this district and division.

8. Lamar's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, respectively, and its claim for attorneys' fees is authorized by 42 U.S.C. § 1988.

## III. PARTIES

9. Plaintiff Lamar Central Outdoor, LLC is a Delaware limited liability company authorized to do business in California. Lamar owns and operates outdoor advertising displays, including freeway billboards, within the City of Perris.

10. Defendant City of Perris is a municipal corporation organized under California law. The City adopted and enforces the challenged Ordinances.

/ / /

/ / /

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

3
COMPLAINT

Firm-Templates -- 2974084.1

## IV.  FACTUAL ALLEGATIONS

A.  **The First Amendment Right to Free Speech.**

11.  The First Amendment provides, in part, that "Congress shall make no law ... abridging the freedom of speech," U.S. Const. amend. I. It is incorporated and made applicable to the states by the Fourteenth Amendment to the United States Constitution and by 42 U.S.C. § 1983.

12.  Political and ideological speech-including speech concerning "politics, nationalism, religion, or other matters of opinion" has long been considered the core of the First Amendment. *W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 642 (1943).

13.  The First Amendment does not tolerate the suppression of speech based on what some may label an unpopular viewpoint of the speaker. *John J. Hurley and S. Boston Allied War Vets. Council v. Irish-Am. Gay, Lesbian & Bisexual Group of Boston*, 515 U.S. 557 (1995). Indeed, "above all else, the First Amendment means that the government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Mosley*, 408 U.S. at 95 (emphasis added); *see also Ashcroft*, 535 U.S. at 573.

14.  A content-based restriction that implicates political or ideological speech must generally survive "strict scrutiny," where the government must show that the law is narrowly tailored to achieve a compelling government interest. *See Reed v. Town of Gilbert*, 576 U.S. 155 (2015); *see also Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525 (2001) (holding that tobacco marketing restrictions - even those purposed to protecting minors - must be the narrowest means of achieving an asserted state interest); *Brown v. Entm't Merchs. Ass'n*, 564 U.S. 786 (2011) (overturning California law banning sale or rental of "violent video games" to minors); *see also Tracy Rifle & Pistol LLC v. Harris*, 339 F. Supp. 3d 1007, 1018 (E.D. Cal. 2018) (holding that a California law prohibiting the display of a handgun, an imitation handgun, or a placard advertising the sale of a handgun in a

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

4
COMPLAINT

Firm-Templates -- 2974084.1

manner that is visible from the outside of a gun dealer's premises is unconstitutional).

15. Even purely commercial speech that "does no more than propose a commercial transaction" or relates solely to the economic interests of the speaker and audience receives First Amendment protection if it is not misleading and concerns a lawful activity. *Cent. Hudson Gas & Elec. Corp. v. Public Serv. Comm'n*, 447 U.S. 557 (1980).

16. Advertisements on billboards are constitutionally protected commercial speech and content-based bans on such advertisements are subject to strict scrutiny. *City of Austin v. Reagan National Advertising of Austin, LLC*, 596 U.S. 61 (2022); *Reed v. Town of Gilbert*, 576 U.S. 155 (2015).

17. Government restrictions on protected commercial speech are constitutional only if they directly advance a substantial government interest and are not broader than necessary to serve that interest. *Cent. Hudson*, 447 U.S. 557.

**B. The City of Perris Passes Its Ordinances to Restrict Advertising for Cannabis Businesses Even Though Cannabis Businesses are Legal And Permitted to Operate in the City.**

18. Cannabis is legal in California and the City has chosen to authorize and license cannabis businesses. At present, at least eight (8) cannabis dispensaries operate within the City, reflecting the City's deliberate choice to foster a robust cannabis economy and positioning it as a regional hub for cannabis commerce.[1] Nevertheless, on August 26, 2025, the City Council for the City of Perris adopted Ordinances 1460 and 1461 (the "Ordinances"), approving amendments to Perris Municipal Code sections 5.54.110, 5.58.100 and 19.75.090 to prohibit cannabis permittees from advertising on off-site signs or advertising displays located along

---

[1] Mystika (1763 Ethanac Rd., Perris); Golden Bloom (1073 Harley Knox Blvd., Perris); Empire Gardens (4164 N. Perris Blvd. Suite C, Perris); Strains Dispensary (820 W. Rider St., Perris) ; Spot in Perris (1133 Harley Knox Blvd., Perris); Highlands Reserve Cannabis Dispensary (328 Malbert St. Ste A, Perris); Westside Cllctv (872 Washington St., Perris); Canna Cloud (1153 Harley Knox Blvd., Perris). Source: www.weedmaps.com.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

Firm-Templates -- 2974084.1

any freeway, state or federal highway, or within a one-mile radius of the City, if the sign is within 660 feet of a freeway right-of-way.

19. In pertinent part, Section 5.54.110(9)(c) of the City's Municipal Code now states, "A medical marijuana dispensary permittee shall not advertise its City business or operation utilizing any off-premises advertising display on a sign or other structure, including but not limited to an offsite freeway sign or billboard… that is located both: (i) within the City or within a one-mile radius of the City's jurisdictional boundaries; and (ii) within 660 feet of the nearest edge of a freeway right-of-way line."

20. Section 5.58.100(j)(3) was similarly amended to state, "A commercial marijuana operation permittee shall not advertise its City business or operation utilizing any off-premises advertising display on a sign or other structure, including but not limited to an offsite freeway sign or billboard… that is located both: (i) within the City or within a one-mile radius of the City's jurisdictional boundaries; and (ii) within 660 feet of the nearest edge of a freeway right-of-way line."

21. Finally, Section 19.72.090 of the City's Municipal Code was amended to state, "Notwithstanding the foregoing exception [permitting off-premises signs], and any provision of this chapter permitting any of the aforementioned off premises signs or advertising, the display of adult-use or medicinal cannabis advertisements is prohibited on off-premises signs, billboards, poster boards, and other advertising for products or businesses not located on the site of the business of place of sale…" This amendment effectively eliminates all cannabis-related billboard advertising within the City, including on Lamar's off-premises displays, thereby stripping Lamar of the ability to lawfully conduct its core business in the City.

22. The Ordinances were recommended by the Planning Commission following a windshield survey of the I-215 Freeway corridor, which identified 29

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

6
COMPLAINT

Firm-Templates -- 2974084.1

freeway billboards, 6 of which advertised cannabis and 3 of which were within the City's limits. Based on this study, the City staff report, prepared in support of adopting the Ordinances, recited concerns that cannabis advertising contributed to negative perceptions of the City as being dominated by cannabis businesses, potentially affecting property values, economic development, and the City's image.

23. By adopting these Ordinances, the City has taken inherently contradictory positions: on the one hand, encouraging cannabis commerce by licensing, taxing, and integrating dispensaries into its local economy, while on the other, suppressing the very advertising that enables those lawful businesses to reach consumers.

24. The Ordinances expressly exempt other types of businesses and only prohibit cannabis businesses from off-site advertising, while allowing other lawful businesses to continue to advertise on freeway billboards. This selective ban highlights the City's willingness to profit from cannabis sales while discriminatorily suppressing only cannabis-related speech.

25. The Ordinances further state that violation by continued advertising after September 29, 2025 will subject those cannabis businesses to denial of permit renewal, suspension, or revocation of their permits and licenses, thus restricting those businesses' ability to continue to operate in the City. In effect, the City uses the threat of license revocation to coerce silence from the very dispensaries it has chosen to license and regulate.

26. Lamar currently contracts with multiple cannabis businesses for billboard advertisements within the City. The Ordinances directly prohibit Lamar from performing those contracts and fulfilling lawful advertising obligations, depriving Lamar of revenue and chilling its commercial speech. To date, Lamar has lost multiple advertising contracts with cannabis companies as a direct result of the Ordinances.

27. Despite this broad restriction, the City has failed to provide any

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

7
COMPLAINT

Firm-Templates -- 2974084.1

evidence that banning cannabis billboard advertisements would directly advance any of the City's stated interests. Rather, the Ordinances are based on speculative concerns about "perceptions" of Perris. Indeed, the City's own staff report conceded that any alleged "negative effect on the public perception" of Perris is "difficult to quantify" and that cannabis advertising merely "may contribute" to such perceptions. These admissions underscore that the City itself acknowledged uncertainty whether the ban would have the desired effect, and further demonstrate that the City did not, and cannot, carry its burden to show that the Ordinances are reasonably calculated to advance a legitimate governmental interest by the least restrictive means.

28. Lamar's advertisements are commercial speech in that they promote commerce – an advertisement is the quintessential form of commercial speech. (*Central Hudson Gas & Elec. Corp. v. Public Service Commission of New York* (1980) 447 U.S. 557, 561, "The First Amendment, as applied to the States through the Fourteenth Amendment, protects commercial speech from unwarranted governmental regulation.") Lamar's speech is protected in that the advertisements concern a lawful activity and are not misleading. By contrast, the City's interest in regulating this speech is insubstantial and the restrictions on this type of advertising do not directly advance the City's stated interest. Instead, the Ordinances are more extensive than necessary because they <u>completely suppress all cannabis advertisements</u>. Notably, the Ordinances also seek to restrict cannabis advertisements within a one-mile radius of the City's jurisdictional boundaries. Thus, the City is not only seeking to completely suppress all cannabis advertisements within the City, but through its Ordinances, the City is also preventing such advertising on property located outside the City's jurisdictional boundaries.

29. The City's Ordinances censor Lamar and, therefore, impermissibly infringe upon Lamar's freedom of commercial speech. Unless restrained by this

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

8
COMPLAINT

Firm-Templates -- 2974084.1

Court, Lamar will continue to be subject to punishment for lawfully exercising its First Amendment and state constitutional rights to advertise activities and businesses that are lawful and not misleading. Lamar has been and will continue to be irreparably harmed by the City's denial of its fundamental constitutional rights. The contradiction between the City's economic embrace of cannabis and its censorship of cannabis speech underscores both the arbitrariness and unconstitutionality of the Ordinances.

30. Lamar has no adequate remedy at law because denial of Lamar's fundamental constitutional rights and state rights cannot be remedied fully and adequately through legal relief. Monetary damages cannot compensate for the ongoing chilling of speech or the discriminatory burden placed on cannabis businesses and their advertising partners singled out by the City.

## FIRST CAUSE OF ACTION

**Violation of Right to Free Speech Under U.S. Const., Amend. I Political & Ideological Speech U.S.C. § 1983**

**(Against Defendant City of Perris 42 U.S.C. § 1983)**

31. Lamar realleges and incorporates by reference all of the preceding paragraphs in this Complaint as though fully set forth herein in their entirety.

32. The City, acting under color of state law and municipal authority, is enforcing the Ordinances, which deprive Lamar of First Amendment rights secured by the First Amendment of the United States Constitution in violation of 42 U.S.C. § 1983.

33. On their face and as applied, the Ordinances are an unconstitutional abridgement of Lamar's right to free speech under the First Amendment because they cast such a wide net that they directly prohibit Lamar's truthful, non-misleading speech concerning the lawful possession, use and sale of cannabis without any substantial governmental interest.

34. On its face and as evidenced by the legislative history of the

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

9
COMPLAINT

Firm-Templates -- 2974084.1

Ordinances, it is clear that the purpose and intent is to thwart the promotion of cannabis in the City on the basis that "cannabis advertisements along the I-215 can reasonably create or add to a false public perception, particularly for people driving to, through or from the City on the I-215, that the City has little to offer other than cannabis businesses, or that the City has an undue proliferation of cannabis businesses." The staff report, however, conceded that this supposed "negative effect on the public perception" is "difficult to quantify" and that such advertising merely "may contribute" to these concerns, revealing that the City itself acknowledged uncertainty whether the Ordinances would accomplish their stated objectives. The Ordinances are thus a "presumptively unlawful" content-based and viewpoint-discriminatory restriction upon speech.

35. On its face, the Ordinances do not apply to comparable speech made by businesses, organizations, or people who are not considered a "marijuana operation permittee" or the businesses that advertise for them. The Ordinances are thus a "presumptively unlawful" content-, viewpoint-, and speaker-based restriction on speech, all of which are presumptively unconstitutional.

36. The City has no compelling (or even legitimate) governmental interest in banning truthful, non-misleading speech about cannabis advertisements. Indeed, the City's purported interests in "the City's image and community character" and "negative perceptions of Perris as a desirable place to live, visit, or do business…" are betrayed by the fact that sales of cannabis are lawful in the City and that at least eight (8) cannabis dispensaries currently operate in the City. By approving and regulating these businesses, the City has effectively positioned itself as a regional hub for cannabis commerce. Having integrated cannabis into its local economy, the City cannot credibly maintain that truthful advertising of those same lawful businesses is harmful, rendering its suppression of such speech all the more indefensible.

37. Further, the Ordinances are neither narrowly tailored nor the least

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

10
COMPLAINT

Firm-Templates -- 2974084.1

restrictive means of achieving the City's dubious interests. Instead, they prohibit all "display of adult-use or medical cannabis advertisements" even though these products, services and communications are legally permitted in the City.

38. Lamar has already lost specific advertising contracts with cannabis businesses and has been forced to remove existing advertising from its structures, curtailing any speech that could arguably fall under the Ordinances' overly broad ban. This chilling of speech violates the First Amendment.

39. As a direct and proximate result of the City's conduct, Lamar has suffered irreparable harm, including the violation of its constitutional right to free speech, entitling it to declaratory and injunctive relief. Absent intervention by this Court, through declaratory and injunctive relief, Lamar will continue to suffer this irreparable harm.

## SECOND CAUSE OF ACTION

**Violation of Right to Commercial Speech Under U.S. Const., amend. I 42 U.S.C. § 1983**

**(Against Defendant City of Perris)**

40. Lamar realleges and incorporates by reference all of the preceding paragraphs in this Complaint as though fully set forth herein in their entirety.

41. The City, acting under color of state law and municipal authority, is enforcing the Ordinances, which deprive Lamar of commercial speech rights secured by the First Amendment of the United States Constitution in violation of 42 U.S.C. § 1983.

42. On its face and as applied, the Ordinances are an unconstitutional abridgement of Lamar's commercial speech rights under the First Amendment because they cast such a wide net that they directly prohibit Lamar's truthful, non-misleading commercial speech concerning lawful cannabis without any substantial governmental interest and are far more extensive than necessary to serve any purported governmental interest.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

11
COMPLAINT

Firm-Templates -- 2974084.1

43. The Ordinances ensnare all off-premises advertising and marketing of "adult-use or medicinal cannabis" even though such cannabis and the sale thereof is legal in the City and the City has deliberately fostered the cannabis industry by licensing and regulating multiple dispensaries to operate within its jurisdiction. The Ordinances are not merely targeting commercial speech regarding unlawful activity or products.

44. The City has no substantial (or even legitimate) governmental interest in banning non-misleading commercial speech concerning the lawful sale, possession, and use of cannabis. Indeed, the City's purported interests in "the City's image and community character" and "negative perceptions of Perris as a desirable place to live, visit, or do business…" are contradicted by the City's own actions in cultivating a cannabis economy, approving and taxing dispensaries, and integrating cannabis commerce as part of its economic framework. Having integrated cannabis into its local economy, the City cannot credibly assert that truthful advertising of those same lawful businesses undermines its character or reputation.

45. Even if the City's purported interests were substantial, neither interest is directly served by the ban.

46. Even if the City's purported interests were substantial, the Ordinances are far more extensive than necessary to achieve the City's interests. Instead, they prohibit all "display of adult-use or medical cannabis advertisements" even though these products, services, and communications are legally permitted in the City, demonstrating a failure of narrow tailoring under settled First Amendment standards.

47. As a direct and proximate result of the City's conduct, Lamar has suffered irreparable harm, including the violation of its constitutional right to free speech, entitling it to declaratory and injunctive relief. Absent intervention by this Court, through declaratory and injunctive relief, Lamar will continue to suffer this

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

12
COMPLAINT

Firm-Templates -- 2974084.1

irreparable harm.

### THIRD CAUSE OF ACTION

**Violation of Article I, Section 2 of the California State Constitution**

**(Against Defendant City of Perris)**

48. Lamar realleges and incorporates by reference all of the preceding paragraphs in this Complaint as though fully set forth herein in their entirety.

49. The City has deprived, and continues to deprive, Lamar of rights secured by Article I, Section 2 of the California Constitution, which guarantees the right to freedom of speech.

50. The City's above-described conduct constitutes an unlawful restriction on Lamar's right to free expression under Article I, Section 2 of the California Constitution because the Ordinances impose content-, viewpoint-, and speaker-based restrictions on lawful, non-misleading commercial speech.

51. As a direct and proximate result of the City's conduct, Lamar has suffered irreparable harm, including the violation of its constitutional right to free speech, entitling it to declaratory and injunctive relief. Absent intervention by this Court, through declaratory and injunctive relief, Lamar will continue to suffer this irreparable harm.

### PRAYER FOR RELIEF

Wherefore, Lamar respectfully requests the following relief:

1. A declaration that the Ordinances violate Lamar's free speech rights under the First Amendment to the United States Constitution, on their face and as applied to Lamar;

2. A declaration that the Ordinances violate Lamar's commercial speech rights under the First Amendment to the United States Constitution, on their face and as applied to Lamar;

3. A declaration that the Ordinances violate Lamar's free speech rights under the California Constitution, on their face and as applied to Lamar;

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

13
COMPLAINT

Firm-Templates -- 2974084.1

4. A preliminary and permanent injunction prohibiting the City, its employees, agents, successors in office, and all District Attorneys, County Counsel, and City Attorneys holding office, as well as their successors in office, from enforcing the Ordinances against Lamar or any other person or entity engaged in lawful cannabis advertising;

5. An award to Lamar of reasonable attorneys' fees and costs incurred in connection with this action.

6. Any such other relief the Court deems just and equitable.

Respectfully submitted,

STREAM KIM HICKS WRAGE & ALFARO, PC

Dated: September 26, 2025

By: _____
Theodore K. Stream
Donna M. Brandt
Summer M. DeVore
Attorneys for Plaintiff,
LAMAR CENTRAL OUTDOOR, LLC,
a Delaware limited liability company

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET, STE 700
RIVERSIDE, CA 92501
951-783-9470

14
COMPLAINT

Firm-Templates -- 2974084.1