ALESHIRE & WYNDER, LLP
SUNNY K. SOLTANI, State Bar No. 209774
 *ssoltani@awattorneys.com*
NORMAN A. DUPONT, State Bar No. 85008
 *ndupont@awattorneys.com*
JEFF M. MALAWY, State Bar No. 252428
 *jmalawy@awattorneys.com*
CODY S. PARKER, State Bar No. 359372
 *cparker@awattorneys.com*
3701 Wilshire Blvd., Suite 725
Los Angeles, California 90010
Telephone: (310) 527-6660
Facsimile: (949) 223-1180

Attorneys for Defendant,
CITY OF PERRIS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| LAMAR CENTRAL OUTDOOR, LLC., a Delaware limited liability company, | Case No. 5:25-cv-02557-SSS-DTB |
| Plaintiff, | **ANSWER OF DEFENDANT CITY OF PERRIS TO COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| CITY OF PERRIS, a municipal corporation and DOES 1 to 100, inclusive, | Complaint Filed: 9/26/2025 |
| Defendants. | |

01006.0153 2063600.1

1   Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure,
2 Defendant CITY OF PERRIS ("City") for itself answers the Complaint of
3 Plaintiff Lamar Central Outdoor, LLC ("Plaintiff" or "Lamar").[1]

### ANSWER TO COMPLAINT

### INTRODUCTION

6   1.   The City admits that Plaintiff, named in the caption page and
7 on the first page as "Lamar Central Outdoor, LLC" purports to bring this
8 action to challenge the constitutionality of City Ordinances 1460 and 1461
9 ("Ordinances") as applied to Lamar.  The City admits that Ordinance 1460
10 amended Sections 5.54, 5.58, of the Perris Municipal Code. The City avers
11 that Section 5.54.010 of the Perris Municipal Code states in subpart (b):
12 "The chapter is not intended to permit activities that are otherwise illegal
13 under federal, state or local law. This chapter is not intended to conflict
14 with federal or state law." The City further avers that Ordinance 1461
15 amended the list of prohibited signs in Section 19.75.090.

16   2.   The allegations in Paragraph 2 of the Complaint consist of
17 Plaintiff's characterization of purported First Amendment free speech
18 protections and its claims and the underlying legal bases for those claims,
19 and thus no response to those allegations is required.  The City admits
20 that Paragraph 2 correctly states that the "First Amendment also protects
21 non-misleading commercial speech promoting lawful products or services"
22 and further avers that cannabis is not a "lawful product" within the scope

23

---

24 [1] The Complaint purports to seek an injunction as to not just City
25 employees but any "successors in office and all District Attorneys and City
26 Attorneys as well as their successors in office." (Comp. ¶5). This effort to
extend an injunction to unnamed potential parties and prospective future
27 successors is invalid and the City need not respond further as to those
28 individuals (or future individuals).

1   of such protections. To the extent a further response is required, the City

2   denies the allegations in Paragraph 2.

3        3.    The allegations in Paragraph 3 of the Complaint are legal

4   conclusions, which do not require an admission or denial.  To the extent

5   that response is required to those allegations, the City denies the

6   allegations in Paragraph 3.

7        4.    The allegations in Paragraph 4 of the Complaint are legal

8   conclusions, which do not require an admission or denial.  To the extent

9   that response is required to those allegations, the city denies the

10  allegations in Paragraph 4.

11       5.    The allegations in Paragraph 5 of the Complaint consist of

12  Plaintiff's characterization if its claims and the underlying legal bases for

13  those claims, and thus no response to those allegations is required.  To the

14  extent a response is required, the City denies the allegations in Paragraph 5.

## JURISDICTION AND VENUE

16       6.    The City admits that this case in part alleges a violation of the

17  federal Constitution as to which the Court has federal question

18  jurisdiction. The City denies the remaining allegations of Paragraph 6 of

19  the Complaint.  This Court does not have jurisdiction because the Plaintiff

20  lacks standing under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983.   The

21  City further avers that Plaintiff lacks a colorable claim under 42 U.S.C.

22  Section 1983 on the grounds that the City's actions do not constitute a

23  violation of federal law, but rather are consistent with federal law,

24  including the Controlled Substances Act, 21 U.S.C. Sec. 801, *et. seq.* and

25  including the First Amendment to the Constitution.

26       7.    The allegations in Paragraph 7 of the Complaint consist of

27  Plaintiff's characterization of its claims and the underlying legal bases for

28  those claims, and thus no response to those allegations is required.  To the

1    extent a response is required, the City admits that venue is proper in this

2    judicial district and division.

3        8.    The allegations in Paragraph 8 of the Complaint consist of

4    Plaintiff's characterization if its claims and the underlying legal bases for

5    those claims, and thus no response to those allegations is required.  To the

6    extent a response is required, the City denies the allegations in Paragraph 8.

7                                **THE PARTIES**

8        9.    The City admits the allegations in Paragraph 9 of the

9    Complaint. The City further avers that Lamar Central Outdoor LLC

10   ("Lamar LLC") is controlled and managed by two individuals listing their

11   business address in Baton Rouge, Louisiana and who are officers of Lamar

12   Advertising Company ("Lamar Co.), a NASD listed company (LAMR) with

13   a stock market value of over $12 billion. For example, Lamar Central

14   Outdoor LLC lists its first managing member as Mr. Jay Johnson, who is

15   the Executive Vice President, Chief Financial Officer, and Treasurer of

16   Lamar Advertising Co. The other named individual of Lamar Central

17   Outdoor LLC is currently Kevin Reilly, Jr., who is listed as the "Executive

18   Chairman" of Lamar Advertising Co. The City avers that Lamar

19   Advertising Co. describes itself as: "Founded in 1902, Lamar Advertising

20   Company is one of the largest outdoor advertising companies in North

21   America, with over 366,000 displays across the United States and Canada."

22       10.   The City admits that it is a municipal corporation organized

23   under California law. The City admits that it adopted Ordinance 1460 and

24   Ordinance 1461. The City denies that it has enforced Ordinance 1461 and

25   avers that Lamar LLC stopped advertising any cannabis products on its

26   billboards on the Interstate 215 freeway prior to the effective date of

27   Ordinance 1461.

28

01006.0153 2063600.1                          -4-

ANSWER OF DEFENDANT CITY OF PERRIS TO COMPLAINT

## GENERAL ALLEGATIONS

11. The allegations in Paragraph 11 of the Complaint are purely legal conclusions, which do not require an admission or denial. To the extent that a response is required to those allegations, the City denies the allegations in Paragraph 11 of the Complaint.

12. The allegations in Paragraph 12 of the Complaint are purely legal conclusions, which do not require an admission or denial. To the extent that a response is required to those allegations, the City denies the allegations in Paragraph 12 of the Complaint.

13. The allegations in Paragraph 13 of the Complaint are purely legal conclusions, which do not require an admission or denial. To the extent that a response is required to those allegations, the City denies the allegations in Paragraph 13 of the Complaint.

14. The allegations in Paragraph 14 of the Complaint are purely legal conclusions, which do not require an admission or denial. To the extent that a response is required to those allegations, the City denies the allegations in Paragraph 14 of the Complaint.

15. The allegations in Paragraph 15 of the Complaint are purely legal conclusions, which do not require an admission or denial. To the extent that a response is required to those allegations, the City denies the allegations in Paragraph 15 of the Complaint.

16. The allegations in Paragraph 16 of the Complaint are purely legal conclusions, which do not require an admission or denial. To the extent that a response is required to those allegations, the City denies the allegations in Paragraph 16 of the Complaint.

17. The allegations in Paragraph 17 of the Complaint are purely legal conclusions, which do not require an admission or denial. To the extent that a response is required to those allegations, the City denies the

1  allegations in Paragraph 17 of the Complaint.

2      18.    The City admits that cannabis is legal for certain medical uses

3  and also for other uses for adults under California state law, but avers

4  that cannabis remains illegal under federal law.  The City admits that in

5  the past it has licensed cannabis dispensaries located within the City, but

6  denies that it has "positioning [it - the City] as a regional hub for cannabis

7  commerce.  The City denies on information and belief the substance of

8  footnote one appended to Paragraph 18.  The City admits that cannabis

9  dispensaries operate within the City and that the City Council adopted

10  Ordinances 1460 and 1461 on August 26, 2025.  Except as otherwise

11  admitted, the City denies the remaining allegations in Paragraph 40 of

12  the Complaint.

13      19.    The City admits that it amended Section 5.54.110(9)(c) of its

14  Municipal Code.  The City denies that the quoted portion of Paragraph 19

15  accurately state the entirety of the amendment to Section 5.54.110(9)(c)

16  and further avers that this regulation applies only to a "medical marijuana

17  dispensary permittee", not to Lamar LLC or to Lamar Co.

18      20.    The City admits that it amended Section 5.58.100(j)(3) of its

19  Municipal Code, most recently in Ordinance 1460. The City denies that

20  the quoted portion of Paragraph 20 accurately states the entirety of the

21  amendment to Section 5.58.100(j)(3) effected by Ordinance 1460 and

22  further avers that this regulation applies only to "commercial marijuana

23  operation permittees" and not to Lamar LLC or to Lamar Co.

24      21.    The City admits that it amended Section 19.72.090 of its

25  Municipal Code, most recently in Ordinance 1461. The City denies that

26  the quoted portion of Paragraph 21 accurately states the entirety of that

27  amendment, which became effective on September 25, 2025. The City

28  further avers that the only Lamar LLC (or Lamar Co.) advertising on

1  billboards occurred as to billboards situated within 660 feet of the nearest

2  edge of a right of way line for Interstate 215. The City denies that the

3  amendment strips Lamar of the ability to lawfully conduct its core

4  business within the City.  The City avers that Lamar LLC's efforts to

5  advertise cannabis stores on its billboards located on an Interstate

6  highway violates both federal and California state law.

7  　　　　22.　　The City denies the allegations. The City avers that the

8  Planning Commission on June 18, 2025 voted to recommend to the City

9  Council a Zoning Code amendment to amend Chapter 19.75 of the Perris

10  Municipal Code. The City avers that in a Staff Report dated July 29, 2025

11  the staff recommended that the City Council conduct a first reading of two

12  separate ordinances, now designated as Ordinance 1460 (as to regulation

13  of signage by medical marijuana dispensaries or commercial marijuana

14  dispensaries) and as what is now designated as Ordinance 1461 a separate

15  ordinance to amend Chapter 19.75 as to off-site freeway (Interstate 215)

16  signs. The City avers that a staff report dated July 29, 2025 accompanied

17  this recommendation and that this report speaks for itself. The City denies

18  that Plaintiff's description of an undated "City staff report" is an accurate

19  summary of the July 29, 2025 staff report or of the August 26, 2025 staff

20  report that is also related to these two Ordinances.

21  　　　　23.　　The City denies the allegations in Paragraph 23 of the

22  Complaint.

23  　　　　24.　　The City admits that it allows lawful businesses to continue to

24  advertise on freeway billboards, but denies that cannabis advertising is

25  such a lawful business under federal law.  The City avers that ordinances

26  comply with California law, as the California Business and Professional

27  Code section 26152(d) already prohibits cannabis advertisements on

28  billboards located on an interstate highway.  The City further avers that

ANSWER OF DEFENDANT CITY OF PERRIS TO COMPLAINT

1  cannabis remains illegal under federal law.

2  25.   The City admits that violation of the Ordinances could result
3  in revocation, suspension, and denial of permit renewal for businesses who
4  continue to advertise after September 29, 2025. The City denies the
5  remaining allegations in Paragraph 25 of the Complaint.

6  26.   The second sentence of Paragraph 26 of the Complaint consists
7  of Plaintiff's characterization of its claims and the underlying legal bases
8  for those claims, and thus no response to those allegations is required. The
9  City lacks information or belief about Lamar's contracts with multiple
10  cannabis businesses or Lamar LLC's alleged loss of multiple advertising
11  contracts with cannabis companies and denies that allegation on that
12  basis. To the extent an answer is required, the City denies those
13  allegations.

14  27.   The allegations in Paragraph 27 of the Complaint include legal
15  conclusions, which do not require an admission or denial. To the extent
16  that a response is required to those allegations, the City denies the
17  allegations in Paragraph 27 of the Complaint.

18  28.   The allegations in Paragraph 28 of the Complaint are legal
19  conclusions or citations to legal cases, which do not require an admission
20  or denial. The City avers that cannabis remains prohibited by federal law.
21  The City further avers that California law prohibits cannabis
22  advertisements on billboards on Interstate highways.

23  29.   The allegations in Paragraph 29 of the Complaint include legal
24  conclusions, which do not require an admission or denial. To the extent
25  that a response is required to those allegations, the City denies the
26  allegations in Paragraph 29 of the Complaint.

27  30.   The allegations in Paragraph 30 of the Complaint include legal
28  conclusions, which do not require an admission or denial. To the extent

1  that a response is required to those allegations, the City denies the

2  allegations in Paragraph 30 of the Complaint.

### FIRST CAUSE OF ACTION

### Violation of Right to Free Speech Under U.S. Cons., Amend I

### Political & Ideological Speech U.S.C. § 1983

### (Against The City of Perris)

7    31.   In answer to Paragraph 31, the City realleges and incorporates

8  herein its response to Paragraphs 1 through 30.

9    32.   The allegations in Paragraph 32 of the Complaint include legal

10  conclusions, which do not require an admission or denial.  To the extent

11  that a response is required to those allegations, the City denies the

12  allegations in Paragraph 32 of the Complaint.  The City denies that Lamar

13  has any First Amendment rights as to an activity which is illegal under

14  federal law, specifically the Controlled Substances Act.

15    33.   The allegations in Paragraph 33 of the Complaint constitute

16  legal conclusions, which do not require an admission or denial.  To the

17  extent that a response is required to those allegations, the City denies the

18  allegations in Paragraph 30 of the Complaint.

19    34.   The City denies that the partial quotations and snippets taken

20  from what appears to a portion of a staff report dated July 29, 2025 present

21  an accurate picture of the totality of the discussion that took place before

22  the City Council on that date of the initial reading of the two ordinances.

23  The City avers that it is the City Council, not staff, that made the final

24  evaluation of the likelihood of a negative impact on public perception and

25  that the Staff Report cannot and does not constitute the official statements

26  of the City Council on this issue. The City denies that either Ordinance is

27  "thus presumptively unlawful" or that either Ordinance constitutes

28  "content-based" and "viewpoint-discriminatory" restriction on any

1  protected speech.

2      35.    The allegations in Paragraph 35 of the Complaint include legal

3  conclusions, which do not require an admission or denial.  To the extent

4  that a response is required to those allegations, the City denies the

5  allegations in Paragraph 35 of the Complaint.

6      36.    The allegations in Paragraph 36 of the Complaint contain legal

7  conclusions, which do not require an admission or denial.  The City admits

8  that the "City's image and community character" and "negative perceptions

9  of Perris as a desirable place to live, visit, or do business…" are discussed

10  as among the interests that the two separate Ordinances serve in the July

11  29, 2025 staff report accompanying the recommendation by the Planning

12  Commission to the City Council. The City avers that discussion of these

13  (and other aspects) of the two separate Ordinances were discussed at its

14  July 29, 2025 meeting in public session included a staff oral presentation to

15  the City Council that explained that some other municipalities prohibited

16  cannabis advertising outright.  The City avers that ordinances comply with

17  California law, as the California Business and Professional Code section

18  26152(d) already prohibits cannabis advertisements on billboards located

19  on an interstate highway such as Interstate 215.  The City further avers

20  that cannabis remains illegal under federal law.  The City denies each and

21  every remaining allegation in Paragraph 36 of the Complaint.

22      37.    The allegations in Paragraph 37 of the Complaint include legal

23  conclusions, which do not require an admission or denial.  To the extent

24  that a response is required to those allegations, the City denies the

25  allegations in Paragraph 37 of the Complaint.

26      38.    The allegations in Paragraph 38 of the Complaint consist of

27  Plaintiff's characterization if its claims and the underlying legal bases for

28  those claims, and thus no response to those allegations is required. The

1   City lacks information and belief about Lamar LLC's alleged "los[s] of

2   specific advertising contracts with cannabis businesses" and denies that

3   allegation on that basis.   To the extent a response is required to the

4   remaining allegations, the City denies the allegations in Paragraph 38.

5        39.    The allegations in Paragraph 39 of the Complaint include legal

6   conclusions about alleged "damages" or "irreparable harm", which do not

7   require an admission or denial.  To the extent that a response is required

8   to those allegations, the City denies the allegations in Paragraph 39 of the

9   Complaint.  The City further denies that Plaintiff's constitutional rights

10  to free speech are harmed and thus lacks standing under 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION

**Violation of Right to Commercial Speech Under U.S. Const.,**

**amend. I 42 U.S.C §1983**

**(Against the City of Perris)**

15       40.    In answer to Paragraph 40, the City realleges and incorporates

16  herein its response to Paragraphs 1 through 39.

17       41.    The City denies the allegations in Paragraph 41 of the

18  Complaint.   The City avers that the City can ban commercial speech

19  related to illegal activity. The City further avers that cannabis remains

20  illegal under federal law and thus, no claim pursuant to 42 U.S.C. Sec.

21  1983 for an alleged violation of federal law (or the Constitution) exists.

22       42.    The allegations in Paragraph 42 of the Complaint include legal

23  conclusions, which do not require an admission or denial.  The City avers

24  that the City can ban commercial speech related to illegal activity. The

25  City further avers that ordinances comply with California law, as the

26  California Business and Professional Code section 26152(d) already

27  prohibits cannabis advertisements on billboards located on an interstate

28  highway.   The City further avers that cannabis remains illegal under

1   federal law.  The City denies each and every remaining allegation in
2   Paragraph 42 of the Complaint.

3        43.    The City denies the allegations in Paragraph 43 of the
4   Complaint. The City specifically denies that Ordinance 1460 impacts
5   Lamar LLC in any fashion.   The City avers that the City can ban
6   commercial speech related to cannabis as cannabis remains illegal under
7   Federal law. The City further avers that the Ordinances comply with
8   California law, as the  California Business and Professional Code section
9   26152(d) already prohibits cannabis advertisements on billboards located
10  on an interstate highway.

11       44.    The allegations in Paragraph 44 of the Complaint include legal
12  conclusions, which do not require an admission or denial.  The City admits
13  that the "City's image and community character" and "negative perceptions
14  of Perris as a desirable place to live, visit, or do business…" are interests
15  described in the Staff Report for July 29, 2025, and further avers that there
16  was a discussion about the two separate Ordinances in public session at that
17  meeting.  The City avers that the Ordinances comply with California law, as
18  the California Business and Professional Code section 26152(d) already
19  prohibits cannabis advertisements on billboards located on an interstate
20  highway. The City further avers that cannabis remains illegal under federal
21  law. The City denies each and every remaining allegation in Paragraph 44
22  of the Complaint.

23       45.    The allegations in Paragraph 45 of the Complaint include legal
24  conclusions, which do not require an admission or denial.

25       46.    The allegations in Paragraph 46 of the Complaint include legal
26  conclusions, which do not require an admission or denial.  The City avers
27  that the two separate Ordinances comply with California law, as the
28  California Business and Professional Code section 26152(d) already

1  prohibits cannabis advertisements on billboards located on an interstate
2  highway.  The City further avers that cannabis remains illegal under federal
3  law.  The City denies each and every remaining allegation in Paragraph 36
4  of the Complaint.

5      47.    The allegations in Paragraph 47 of the Complaint include legal
6  conclusions as to damages or "irreparable harm" which do not require an
7  admission or denial.  To the extent that a response is required to those
8  allegations, the City denies the allegations in Paragraph 47 of the
9  Complaint.  The City further denies that Plaintiff's constitutional rights
10 to free speech are harmed and thus lacks standing under 42 U.S.C. § 1983.

11 **THIRD CAUSE OF ACTION**
12 **Violation of Article I, Section 2 of the California State**
13 **Constitution**
14 **(Against City of Perris)**

15     48.    In answer to Paragraph 48, the City realleges and incorporates
16 herein its response to Paragraphs 1 through 47.

17     49.    The allegations in Paragraph 49 of the Complaint include legal
18 conclusions, which do not require an admission or denial. To the extent that
19 a response is required to those allegations, the City denies the allegations in
20 Paragraph 49 of the Complaint.  The City avers that the two separate
21 Ordinances comply with California law, as California law does not recognize
22 as protected speech something related to an illegal activity. The City avers
23 that California Business and Professional Code section 26152(d) already
24 prohibits cannabis advertisements on billboards located on an interstate
25 highway. The City further avers that cannabis remains illegal under Federal
26 law, which overrides state law.

27     50.    The allegations in Paragraph 50 of the Complaint include legal
28 conclusions, which do not require an admission or denial. To the extent

1   that a response is required to those allegations, the City denies the

2   allegations in Paragraph 50 of the Complaint.  The City avers that the

3   Ordinances comply with California law, as the  California Business and

4   Professional Code section 26152(d) already prohibits cannabis

5   advertisements on billboards located on an interstate highway.  The City

6   further avers that cannabis remains illegal under Federal law, which

7   overrides state law.

8       51.    The allegations in Paragraph 51 of the Complaint include legal

9   conclusions as to an alleged "irreparable harm", which do not require an admission or

10  denial. To the extent that a response is required to those allegations, the City denies

11  the allegations in Paragraph 51 of the Complaint.  The City avers that the two separate

12  Ordinances comply with California law, as the California Business and Professional

13  Code section 26152(d) already prohibits cannabis advertisements on billboards

14  located on an interstate highway.  The City further avers that cannabis remains illegal

15  under Federal law, which overrides state law.

16

17                        **AFFIRMATIVE DEFENSES**

18      Defendant pleads the following separate defenses.  Defendant

19  reserves the right to assert additional affirmative defenses that discovery

20  indicates are proper.

21                      **FIRST AFFIRMATIVE DEFENSE**

22                        **(Failure to State a Claim)**

23      52.    As a separate and first affirmative defense to the Complaint,

24  and to the purported causes of action set forth therein, the City alleges

25  that the Complaint fails to state facts sufficient to constitute a cause of

26  action because there is no alleged or real violation of federal law.  Federal

27  law makes cannabis illegal and therefore there can be no violation by the

28  City that it violated federal law.

## SECOND AFFIRMATIVE DEFENSE

### (Valid Exercise of Police Power)

53.    As a separate and second affirmative defense to the Complaint and to the purported causes of action set forth therein, the City alleges that the two Ordinances are a valid exercise of the City's police power to protect public health, safety, and welfare.

## THIRD AFFIRMATIVE DEFENSE

### (Valid Regulation of Commercial Speech)

54.    As a separate and third affirmative defense to the Complaint and to the purported causes of action set forth therein, the City alleges that the Ordinances are valid regulations of commercial speech advertising. (*Central Hudson Gas & Elec. Corp. V. Public Service Comm. Of New York*, 447 U.S. 557, 563-564.)

## FOURTH AFFIRMATIVE DEFENSE

### (Protected Speech Not Implicated)

55.    As a separate and fourth affirmative defense to the Complaint and to the purported causes of action set forth therein, the City alleges that the Ordinances are valid regulations of conduct  related to illegal activity and thus no protected speech is implicated by enforcement.

## FIFTH AFFIRMATIVE DEFENSE

### (Valid Time, Place, Manner Restriction)

56.    As a separate and fifth affirmative defense to the Complaint and to the purported causes of action set forth therein, the City alleges that the Ordinances constitute a valid time, place, and manner regulation of speech.  The City further alleges that the Ordinances are narrowly drawn to address the identified governmental concerns without unnecessarily burdening protected speech, and it leaves open alternative channels for communication of information.

## SIXTH AFFIRMATIVE DEFENSE

## (Rational Basis)

57.    As a separate and sixth affirmative defense, the City alleges that the challenged ordinances are rationally related to legitimate governmental interests. The ordinances were adopted in furtherance of legitimate and substantial governmental objectives including but not limited to the prevention of negative perceptions caused by advertisements related to marijuana dispensaries.

## SEVENTH AFFIRMATIVE DEFENSE

## (Failure to Exhaust Administrative Remedies/Ripeness)

58.    As a separate and affirmative defense, the City alleges that Plaintiff's claims are barred due to Plaintiff's failure to exhaust administrative remedies. Prior to seeking judicial relief, Plaintiff was required to pursue and complete all available administrative procedures provided by the City's Zoning Code and by California state law as to Ordinance 1461, which constitutes an amendment to that Zoning Code. Plaintiff failed to exhaust such remedies prior to filing this action. Because Plaintiff did not complete the required administrative process before initiating this action, the claims asserted herein are premature and barred.  Alternatively, Plaintiff's claim as to Ordinance 1461 is not ripe because: (a) Plaintiff failed to pursue all available remedies; and (b) the City never moved to enforce Section 1461 against Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

## (Lack of Standing to Sue As to Ordinance No. 1460)

59.    As a separate and affirmative defense, the City alleges that Plaintiff's claims are barred based on a lack of jurisdiction to sue as to Ordinance No. 1460. That Ordinance is directly solely to amendments of the City's business regulations for medical marijuana dispensaries and

1  commercial (adult) use marijuana dispensaries. Lamar LLC is not either

2  of those two types or regulated industries.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to State Jurisdictional Basis for Section 1983

### Claim)

6      60.    As a separate and affirmative defense, the City alleges that

7  Plaintiff's first two causes of action, purportedly pursuant to 42 U.S.C.

8  Section 1983, fail to state a claim due to the fact that Plaintiff must allege

9  a violation of federal law, either statutory or Constitutional.  In this case,

10  federal statutory law, the Controlled Substances Act, prohibits cannabis

11  distribution.    In  this  case,  federal  Constitutional  law  (the  First

12  Amendment)  permits  prohibition  of  advertising  of  something  that  is

13  illegal—which  would  include  the  distribution  of  cannabis  in  direct

14  contravention of federal law.

### TENTH AFFIRMATIVE DEFENSE

### (Lack of Irreparable Harm)

17      61.    As a separate and affirmative defense, the City alleges that

18  Plaintiff's claims seeking injunctive relief lack merit because Lamar LLC's

19  claims, if any, are compensable by monetary relief.  To the extent that

20  Lamar LLC could establish a loss of any contractual business, then that

21  amount can be compensated by monetary payments.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Mootness of Action)

24      62.    As a separate and affirmative defense, the City alleges that

25  this case is moot in that Lamar LLC has previously removed cannabis

26  advertising from its billboards on Interstate 215 even prior to the effective

27  date of either Ordinance 1460 or Ordinance 1461.  Therefore, there is not

28  a current case or controversy about the enforcement of either ordinance.

1    **WHEREFORE**, Defendant prays for relief as follows:

2    1.    That the Complaint be dismissed, with prejudice and in its

3    entirety;

4    2.    That Plaintiff take nothing by reason of this Complaint and

5    that judgment be entered against Plaintiff and in favor of Defendant;

6    3.    That Defendant be awarded its attorneys' fees and costs

7    incurred in defending this action;

8    4.    That Defendant be granted such other and further relief as the

9    Court may deem just and proper.

10

11    **DEMAND FOR JURY TRIAL**

12    Defendant City requests a trial by jury on all issues triable by a jury.

13    This demand is made pursuant to Rule 38 and Local Rule 38-1.

14

15

16    DATED: November 7, 2025      ALESHIRE & WYNDER, LLP

17                                 SUNNY K. SOLTANI
                                   NORMAN A. DUPONT

18                                 JEFF M. MALAWY
                                   CODY S. PARKER

19

20

21                                 By: _____

22                                 NORMAN A. DUPONT
                                   Attorneys for Defendant,

23                                 CITY OF PERRIS

24

25

26

27

28

01006.0153 2063600.1                     -18-
ANSWER OF DEFENDANT CITY OF PERRIS TO COMPLAINT